# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
KARLA M. GABOUR, BAR NO. 13123

No. 80352

FILED

SEP 11 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Karla M. Gabour. Under the agreement, Gabour admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 8.1(b) (disciplinary matters), and RPC 8.4 (misconduct). She agreed to a suspension for a period of six months and one day from the date of this court's order approving the guilty plea or until she completes one year of mental health, drug, and alcohol abuse treatment, whichever period is longer.

Gabour has admitted to the facts and violations as part of her guilty plea agreement. The record therefore establishes that she violated the above-listed rules by failing to oppose a summary judgment motion in a client's personal injury matter, leading to dismissal of the action and the opposing party's request for attorney fees and costs. Further, she falsely told a partner at the law firm where she worked that the matter settled even though she never communicated any settlement offer to the client and none existed. She then failed to respond to the State Bar's inquires about the resulting grievance.

20-33469

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Gabour violated, and because she acted knowingly and her conduct resulted in actual injury to her client and the profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client").[1] The record supports the panel's findings of three aggravating circumstances (prior disciplinary offenses, pattern of misconduct, and multiple offenses), and four mitigating circumstances (personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, mental disability or chemical dependency, and remorse). Considering the factors outlined in *Lerner*, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of

---

[1]Gabour agreed to and the panel applied Standard 4.41(b), which provides that "[d]isbarment is generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client." Based on the facts that Gabour admitted, we conclude that Standard 4.42 is the more appropriate standard.

attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Karla M. Gabour from the practice of law in Nevada for a period of six months and one day commencing from the date of this order or until she completes one year of mental health, drug, and alcohol abuse treatment through the Nevada Lawyer Assistance Program or another qualified course of treatment, whichever period is longer. Additionally, Gabour must pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_Pickering_, C.J.
Pickering

_Gibbons_ J.
Gibbons

_Hardesty_, J.
Hardesty

_Parraguirre_, J.
Parraguirre

_Stiglich_, J.
Stiglich

_Cadish_, J.
Cadish

_Silver_, J.
Silver

cc: Karla M. Gabour
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court